Howell, Judge,
delivered the opinion of the court.
Plaintiff, a corporation organized and existing under the laws of the Philippine Republic and having its principal offices in Manila, brings this suit to recover the value of its airfield property and aircraft equipment commandeered by the United States Army on December 8,1941 j.and destroyed, by the Army on December 29, 1941 to prevent the property from falling into the hands of the Japanese. In a second cause of action plaintiff claims compensation for-taxicabs and other automotive equipment and supplies commandeered by the United States Army between December 8, and De-. cember 28,1941. Plaintiff alleges that claims filed with the Army Claims Service covering both causes of action were denied by that service in April 1948 and July 1949.'
*548 The petition herein was filed on December 30, 1952 and defendant has filed a motion to dismiss on the ground that the claims are barred by the statute of limitations, not having been filed within six years of September 2,1945. Marcos v. United States, 122 C. Cls. 641.
Plaintiff urges that the wartime suspension of the statute of limitations was not lifted on September 2, 1945 as was determined by this court in the Marcos case supra, but continued until the date of the President’s Proclamation declaring a “Cessation of Hostilities of World War II” on December 31, 1946.
We have considered fully all the arguments advanced by plaintiff in a decision issued this day in the case of Alfredo C. Sese v. United States, ante, p. 526. In the light of that decision we conclude that the causes of action in the instant case accrued at the time of the requisitions in 1941, that the statute of limitations was suspended until September 2,1945, and that plaintiff’s claims, having been filed more than six years following September 2,1945, are barred. Accordingly, plaintiff’s petition is dismissed.
It is so ordered.
Madden, Judge; Whitaker, Judge; Littleton, Jvidge; and Jones, Chief Judge, concur.